*300 Opinion of the Court,
by Ch. J. Boyle.
THIS is a writ of error to a judgment of the county court of Mason county, charging the plaintiff in error with being the father of a bastard child, and subjecting him to pay for its support.
We are of opinion that the county court erred in not permitting the plaintiff in error to interrogate the mother of the child with respect to her intimacy with other men, about the same time she charges him. As a genera^ ru^e’ ’*• *s no doubt correct, that a witness cannot be compelled to criminate himself; but, in a prosecution *301 of this sort, the mother of the child is a voluntary witness to charge the support of it upon the father, and in doing so, she must necessarily criminate herself.— When, therefore, she has thus voluntarily come forward to testify in this manner, she must be considered as having waived the privilege of not criminating'herself, and is bound to answer all questions relevant to the point in issue; “for (as is observed by Swift) it is a palpable absurdity, to ‘say that when a witness has waived the privilege of refusing to testify facts that will criminate herself, she may, on cross-examination, refuse to testify facts material to the defendant’s defence, because they will criminate her.” Swift’s Evidence, 80-1.
It is true, that the only interrogatory propounded to the witness on this point, was answered in the negative by her, notwithstanding the decision of the court against the propriety of the interrogatory; but the response of the witness could not cure the error of the court. Their decision was nevertheless erroneous, and we cannot say that it did not operate to the prejudice of the plaintiff in error; for he was bound, in consequence of the decision, to desist from .propounding, any other interrogatory upon the point, as a perseverance in doing so would not have been respectful or decorous to the court; and he might, therefore, have been, thus deprived, by the decision of the court, of the benefit of a full cross-examination of the witness, upon a point material to his defence.
The judgment of the county court must be reversed.